PAUL N. ANDONIAN/SBN 234070
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Blvd., 12th Floor
Encino, California 91436
(818) 501-3800
Fax: (818) 501-2985
pandonian@hrhlaw.com

Refer to File No.: 4551-20180803–PNA

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## CALIFORNIA CENTRAL DISTRICT, LOS ANGELES

| | |
|---|---|
| CENTENNIAL BANK, an Arkansas state bank,<br><br>Plaintiff(s),<br>v.<br>DAVID S. EFFRESS aka DAVID SCOTT EFFRESS aka DAVID EFFRESS, In Personam;<br>AURA, Hull No. BEYKK006E011, its engines, machinery, appurtenances, etc (the "Vessel") In Rem,<br><br>Defendant(s). | CASE NO. :<br><br>IN ADMIRALTY<br><br>**VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM* FOR FORECLOSURE OF PREFERRED SHIP'S MORTGAGE AND DEFICIENCY JUDGMENT** |

Plaintiff CENTENNIAL BANK, an Arkansas state bank, ("PLAINTIFF"), as successor in interest to SGB FINANCE NORTH AMERICA, INC. ("SGB") hereby alleges:

I.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333(1) and the Ship Mortgage Act, 46 U.S.C. §§ 30101 and 31301 - 31343.  This action is a maritime and admiralty claim within the provisions of Rule 9(h) of the Federal Rules of Civil Procedure and within the Supplemental Rules for Certain Admiralty and Maritime Claims and of this Honorable Court.

**II.**

At all times material herein, Defendant AURA, Hull No. BEYKK006E011 its engines, machinery, boilers, tackle, furniture, licenses, masts, bowsprit, boat, anchors, cables, chains, rigging, tackle, apparel, and all other appurtenances, etc. (the "Vessel") was a vessel duly documented under the laws of the United States and was owned by Defendant DAVID S. EFFRESS aka DAVID SCOTT EFFRESS aka DAVID EFFRESS, In Personam ("Defendant Owner"). On information and belief, PLAINTIFF alleges the approximate value of the Vessel is $165,000.00.

**III.**

At all times material herein, PLAINTIFF was authorized to do business or maintain suit in the State of California.

**IV.**

Defendant Owner and Defendant Vessel are present within this district and within the jurisdiction of this Court.

**V.**

That on or about November 5, 2011, Defendant Owner executed and delivered to PLAINTIFF's Predecessor-in-interest SGB, for valuable consideration, a written MARINE NOTE AND SECURITY AGREEMENT ("Promissory Note") in the principal sum of $258,362.81 plus interest at the rate of 5.99% per annum. A true and correct copy of the Promissory Note is attached hereto as Exhibit "1" and is incorporated herein by this reference.

**VI.**

That on or about November 5, 2011, Defendant Owner granted a Preferred Ship Mortgage ("Mortgage") for $258,362.81 to SGB. A true and correct copy of the Mortgage is attached hereto as Exhibit "2" and is incorporated herein by this reference. The Mortgage was then duly recorded at the National Vessel Documentation Center against the Vessel, and in all respects qualified as a Preferred Mortgage under 46 U.S.C. §§ 31322 and 31325. This Preferred Ship Mortgage on the Vessel secures the Promissory Note. A true and correct copy of the Certificate of Documentation for the Vessel as well as certain Coast Guard Vessel Documentation with respect to the Vessel are attached hereto as Exhibit "3" and are incorporated herein by this reference.

## VII.

Thereafter PLAINTIFF became the successor-in-interest to SGB with regard to the Promissory Note, the Mortgage, and all ancillary agreements, obligations and rights related thereto. SGB transferred the Promissory Note, the Mortgage, all ancillary agreements, obligations and rights related thereto to THE BANK OF HAMPTON ROADS D/B/A SHORE PREMIER ALLIANCE. A true and correct copy of an allonge evidencing this transfer is attached to the Promissory Note as the last page of Exhibit "1". Thereafter, through a series of mergers, the Promissory Note, the Mortgage, and all ancillary agreements, obligations and rights related thereto, were transferred to Union Bank & Trust, a Virginia State Bank. A true and correct copy of a letter describing these mergers is attached hereto as Exhibit "4" and is incorporated herein by this reference. Finally, PLAINTIFF purchased the Promissory Note, the Mortgage, and all ancillary agreements, obligations and rights related thereto, and thereby became the holder and owner of the loan documents which are the subject of this lawsuit. A true and correct copy of a Bill of Sale evidencing PLAINTIFF's purchase is attached hereto as Exhibit "5" and is incorporated herein by this reference.

## VIII.

PLAINTIFF is the owner and holder of the Promissory Note, the Mortgage, and all ancillary agreements, obligations and rights related thereto.

## IX.

There is now a default under the terms of the Promissory Note and Mortgage. The Owner Defendant defaulted under the Promissory Note and Mortgage by failing to make the monthly payment due on May 5, 2018, and numerous payments due thereafter. As a result, PLAINTIFF has elected to accelerate the entire balance due under the Note and Mortgage, pursuant to the terms thereof.

## X.

As of March 7, 2019, the amounts due to PLAINTIFF under the Note are as follows: the principal sum of no less than $206,502.47, interest in the sum of no less than $5,620.90, late fees in the sum of no less than $462.35, and other charges in the sum of no less than $8,251.82, for a total amount of no less than $220,837.54. Interest continues to accrue on the principal balance at the rate of 5.99% per annum, or no less than $33.89 per day from March 7, 2019.

## XI.

Defendants are liable for additional, charges, interest, penalties, and other fees, charges and/or costs which continue to accrue pursuant to the agreements at issue herein. PLAINTIFF reserves the right to present and demand such additional sums at the time of trial or judgment, or amend its pleadings to correctly allege the proper amounts when they have become known. In addition, PLAINTIFF has incurred and will continue to incur reasonable attorneys' fees, collection costs and other expenses, and may be caused to make advances and sustain damages by reason of the defaults of the Defendants, all in amounts not presently ascertainable. PLAINTIFF reserves the right to present and demand such additional sums at the time of trial or judgment, or amend its pleadings to correctly allege the proper amounts when they have become known.

## XII.

That the laws of the United States provide that, upon a default of any term of a preferred mortgage, the mortgage holder may enforce its claim for possession and any outstanding indebtedness against the mortgaged vessel, in rem, 46 U.S.C. § 31325. Accordingly, the Mortgage provides that if the Defendant Owner fails to make the payments due under the Promissory Note, PLAINTIFF may take possession of and foreclose and sell the Vessel pursuant to the terms of the Promissory Note, the Mortgage, and the requirements of 46 U.S.C. Chapter 313.

**WHEREFORE,** PLAINTIFF prays for judgment against all Defendants as follows:

1. That this Court decree payment due jointly and severally by the Defendant Vessel, and Defendant Owner on the Note and Mortgage for the following:

   a. The principal sum of no less than $206,502.47, interest in the sum of no less than $5,620.90, late fees in the sum of no less than $462.35, and other charges in the sum of no less than $8,251.82, for a total amount of no less than $220,837.54;

   b. Further interest due on the principal balance at the rate of 5.99% per annum, or no less than $33.89 per day from March 7, 2019;

   c. Additional, charges, interest, penalties, and other fees, charges and/or costs which continue to accrue pursuant to the agreements at issue herein;

   d.  Reasonable attorneys' fees, collection costs and other expenses pursuant to the agreements at issue herein;

   e.  The costs of this action including charges for all fees for keepers and their costs incurred in this action and for all expenses for the sale of the Vessel, her engines, machinery, and appurtenances, etc.

  2.  That PLAINTIFF be adjudged the holder of a first Preferred Ship Mortgage on the Vessel for the payment of sums due, including costs and attorneys' fees, and that this Court declare the lien of the said Mortgage to be superior to all other liens which may exist against the Vessel.

  3.  That the Vessel be seized pursuant to the Warrant of Arrest and sold to pay any judgment in favor of PLAINTIFF.

  4.  That the proceeds of the sale of the Vessel be applied and delivered to pay demands and claims of PLAINTIFF in the amount and to the extent as specifically set forth herein, together with costs and attorneys' fees, and that it be declared that any and all persons, firms or corporations claiming any interest in the Vessel are forever barred and foreclosed of and from all rights of equity or redemption or claim in and to the Vessel.

  5.  That in rem process in due form of law pursuant to this Court's Admiralty and Maritime Jurisdiction issue against the Vessel, her engines, tackle, accessories, equipment, furnishings and appurtenances, and the Defendants, and each of them;

  6.  That at the sale of the Vessel by the U.S. Marshal or PLAINTIFF's authorized designee, PLAINTIFF be permitted to bid, without cash deposit, its judgment, accrued interest, costs and attorneys' fees, up to the full amount thereof.

//
//
//
//
//
//
//

7. That PLAINTIFF recover from all Defendants, jointly and severally, the amount of any deficiency, including attorney's fees, expenses and costs that may be due PLAINTIFF after applying the proceeds of the sale of the Vessel to the amount of the decree herein; and

8. That PLAINTIFF have such other and further relief as in law and equity it may be entitled to receive.

Dated: April 15, 2019

HEMAR, ROUSSO & HEALD, LLP

By: _____
PAUL N. ANDONIAN
Attorneys for Plaintiff

## VERIFICATION TO COMPLAINT

UNITED STATES OF AMERICA
                          ss.
STATE OF FLORIDA

I, Cornelia Haegele, being first duly sworn, upon oath deposes and states upon information and belief:

I am an officer of CENTENNIAL BANK, an Arkansas state bank, and hold the position of Special Assets Lender/REO Specialist.

I am authorized to make this Verification for and on behalf of CENTENNIAL BANK, and I make this Verification for that reason.

I have read the foregoing **VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM* FOR FORECLOSURE OF PREFERRED SHIP'S MORTGAGE AND DEFICIENCY JUDGMENT** and know its contents. I am informed and believe that the matters stated in it are true, and on that ground allege that the matters stated in it are true.

My responsibilities include initiating the complaint and foreclosure/arrest process to collect the amount owed by the Defendants.

I am the officer at CENTENNIAL BANK responsible for collecting the amounts owed by the defendants to the bank. I have the ability to calculate the total amount due and owing to CENTENNIAL BANK and can verify that the amounts set forth in the foregoing Complaint are true and correct.

I am familiar with the Promissory Note and Preferred Ship Mortgage and other documents referred to in the above and foregoing Complaint.

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct.

Executed on this 15th day of April 2019, at Tallahassee Florida.

*/s/ Cornelia Haegele*
Cornelia Haegele